GEORGE CRITSER v. STATE OF NEBRASKA.

FILED OCTOBER 22, 1910. No. 16,751.

1. Criminal Law: TIME OF TRIAL. Under section 390 of the criminal code, the accused, if committed to prison, must be brought to trial before the end of the second term of the court "having jurisdiction of the offense" which - shall be held after indictment found. A term of court at which no jury is called and only equity business transacted is still within the statute, being a "term of the court having jurisdiction of the offense."

2. ——: ——: RIGHT TO DISCHARGE. At the end of the second term after the term at which the indictment is found or information filed, the accused not having been brought to trial, if the delay has not happened on his application, it is error to permit the prosecuting attorney to dismiss the case without prejudice to further prosecution; the accused is entitled to be discharged "so far as relates to the offense for which he was committed."

ERROR to the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*Perry, Lambe & Butler, S. A. Dravo, W. C. Dorsey, J. G. Thompson* and *John Everson,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

SEDGWICK, J.

Complaint was filed in the county court of Harlan county charging this defendant and one Heddendorf jointly with the crime of murder in the first degree. Upon examination had in that court, the defendants were held for trial to the district court, and in the April, 1909, term of the district court an information was filed charging them in that court jointly with the crime of murder in the first degree. Upon the application of the county attorney, it was ordered that they be tried separately. Thereupon both defendants asked for a continuance until the next term, which was refused, and the defendant Heddendorf was put upon trial and convicted and sentenced to the penitentiary for life. The judgment of conviction was reversed by this court and a new trial ordered. *Heddendorf v. State,* 85 Neb. 747. After the conviction of the defendant Heddendorf in the April, 1909, term of court, this defendant demanded immediate trial, which was refused, and the cause against him continued. Subsequently, after several terms of court, he asked to be discharged under section 390 of the criminal code. This request was refused, and the county attorney was permitted to enter a *nolle prosequi,* whereupon the case was dismissed and the defendant discharged. He insists that this prosecution, being dismissed by the county attorney, would not be a bar to further arrest and prosecution, and that his right was to be "discharged so far as relates to the offense for which he was committed," as the statute provides.

Public justice requires that criminal trials shall be disposed of promptly. The certainty that justice will be done and the guilty convicted without unnecessary delay is

more efficacious in the prevention of crime than are severe penalties. The federal constitution has undertaken to guard the rights of the accused against unnecessary delay, and the fundamental law of this state has assured him protection against imprisonment without trial: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation and to have a copy thereof; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Const. art. I, sec. 11. In some cases more time is required in the interest of the public as well as the accused than is required in other cases. There is room for the exercise of sound discretion on the part of the trial court, always bearing in mind that the right to a speedy trial is the constitutional right of any citizen who is accused of crime. In practice it is not often found necessary to delay the hearing of the matter during two jury terms after indictment is found or information filed. The legislature has fixed an absolute limit beyond which the trial cannot be delayed. It is as follows: "If any person indicted for any offense and committed to prison shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner." Criminal code, sec. 390. If the defendant has been admitted to bail it is provided by the next section that the trial shall not be delayed for more than three terms. The question to be determined in this case is whether these provisions of the code have been violated. The complaint, as before stated, was made in the county court on the 20th day of March, 1909. It was alleged that the crime was committed on the 17th day of that month. The examination took place on

the 26th day of March. The April term of the district court for Harlan county for the year 1909 was continued into the month of May. The defendant was refused bail, and the information was filed in the district court on the 6th day of May, 1909, that being one of the days of the adjourned April term of that year.

It has been decided by this court that a term of the district court in which the indictment is found or information filed cannot be counted in determining the time within which the accused must be brought to trial under the provisions of section 390. *Hammond v. State,* 39 Neb. 252; *Whitner v. State,* 46 Neb. 144. The next term of the district court for Harlan county was begun on the 20th day of September, 1909. The order of the judge of the district court assigning the terms of the court for that year does not appear in the record; but there is in the record a copy of an order entered in the September term, in which it is recited that that term was an equity term and that no jury was present. For this reason, it is suggested that this term must not be counted in determining the time within which the accused must be brought to trial. The statute in question fixes an arbitrary limit of the discretion of the trial court beyond which it cannot go, and the language of the section is too plain and unequivocal to allow of the meaning suggested. The accused must "be brought to trial before the end of the second term of the court having jurisdiction of the offense." There will be no doubt that the trial court had jurisdiction of the offense at this September term of court. The fact that no regular panel of jury was present at that term is not of controlling importance in a capital case which involves the life and liberty of the accused. It is rare in such cases that the regular panel is sufficient for such purposes. As an illustration, we notice that this record shows that in the trial of the defendant informed against jointly with this defendant, although the regular panel was present at the term, two special writs of venire were issued summoning 100 additional jurors. The Sep-

tember term of court therefore must be considered as one of the terms at which the court had jurisdiction of the offense. At the next term of the district court the defendant applied for a change of venue, which was allowed, and so the defendant himself prevented the trial of his case at that term of court. The case was sent to the district court for Franklin county for trial, and the transcript was filed in that court on the 4th day of January, 1910. The regular term of court for Franklin county for the year 1910 began on the 10th day of January of that year, and on that day the county attorney made application to the court for leave to indorse additional names upon the information, which was allowed, and the case was continued until the next morning. On the 11th day of January the defendant filed a motion to be discharged. In this motion he recites the proceedings already had in this case, stating the date of his arrest and his examination, and the different terms of court that had been held in Harlan county, and that the defendant had been refused bail. Thereupon, on the same day, the record recites that the cause "came on to be heard upon motion of the county attorney *ore tenus* for leave to file a *nolle prosequi,*" and that the defendant then called attention to his motion to be discharged, and that the state asked permission to "withdraw its motion *ore tenus* for leave to file said *nolle prosequi,* which permission was granted" by the court, and the court then overruled the defendant's motion to be discharged. The record recites that "thereafter on motion and application of the county attorney of Harlan county, Nebraska, made in court, a *nolle prosequi* was entered in said cause, which was by the court sustained." To this ruling the defendant excepted, "for the reason that he should be allowed to proceed to trial at this term of court or to have his absolute discharge under section 390 of the criminal code." The defendant was then discharged from custody. On the 13th day of January the defendant filed a motion to vacate and set aside the order dismissing this cause without prejudice, and to grant the defendant a trial at

that term of court, or, if he be not granted a trial at that term of court, that he be discharged. This motion was not passed upon by the court until the 19th day of January, when it was overruled, and the defendant excepted. The term of court was finally adjourned on the next day. There can be no doubt upon this record that the defendant was entitled to a trial at this January term, and, unless tried at that term, he was entitled to be discharged "so far as relates to the offense for which he was committed." The court was in error in dismissing the case without entering such final discharge of the defendant.

The order of the district court is reversed and the cause remanded, with instructions to enter an order discharging the defendant from the offense for which he was committed.

REVERSED.