[L. A. No. 27216. In Bank. Apr. 30, 1963.]

CHARLES F. TUNIS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOE CASH, Real Party in Interest.

George Boshae for Petitioner.

No appearance for Respondent.

Barker & Miller and G. Scott Miller for Real Party in Interest.

McCOMB, J.—Petitioner seeks a writ of mandate requiring respondent to dismiss an action entitled, "Joe Cash, Plaintiff, vs. Charles F. Tunis, Defendant, No. 691 403," pending in the Superior Court of Los Angeles County.

*Facts:* ▮ December 4, 1957, plaintiff in the foregoing action filed a complaint against defendant (petitioner). October 9, 1962, the action was set for trial on January 7, 1963. December 19, 1962, defendant filed a notice of motion to dismiss the action for lack of prosecution pursuant to section 583 of the Code of Procedure.* December 28, 1962, defendant's motion was denied by respondent.

Petitioner contends that it was mandatory under the circumstances for respondent to dismiss the action.

This contention is correct, the following rules being applicable:

▮ (1) Unless an action is brought to trial within five years after it has been filed, except where the parties stipulate in writing that the time may be extended or in certain cases where the defendant is absent from the state, the action must be dismissed upon motion of the defendant. (Code Civ. Proc., § 583; *Andersen* v. *Superior Court,* 187 Cal. 95, 97

---

*Section 583 of the Code of Civil Procedure provides, in part, that an action "shall be dismissed by the court . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable . . . upon due diligence. . . ."

[1,2] [200 P. 963].) An exception is also made where it would be impossible or futile to bring the case to trial during the five-year period. (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 671 [10] [343 P.2d 919] ; *Muller* v. *Muller,* 179 Cal. App.2d 815, 817 [1] [4 Cal.Rptr. 419].)

(2) An action is not "brought to trial" until the trial is commenced. Therefore, the requirement that the action be brought to trial within five years is not satisfied by having it set before the expiration of such period for trial on a date subsequent thereto. (*Boyd* v. *Southern Pacific R.R. Co.,* 185 Cal. 344, 346 [2] [197 P. 58].)

(3) A writ of mandate to compel the dismissal of a pending action is an appropriate remedy after the five-year period prescribed by section 583 of the Code of Civil Procedure has expired. (*J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d at p. 669 [1].)

Applying the foregoing rules to the facts in the present case, it appears from the uncontradicted allegations of petitioner that at the time he made his motion to dismiss the action for lack of prosecution more than five years had expired since the action was instituted, the action had not been brought to trial, and no written stipulation extending the time for trial was ever entered into. Therefore, petitioner's motion to dismiss should have been granted.

It is ordered that a peremptory writ of mandate issue directing respondent court to dismiss the pending action.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.