State of Nebraska, appellee, v. Harry J. Warner, appellant.

152 N. W. 2d 30

Filed June 23, 1967.    No. 36511.

John W. Gallup and Schrempp, Rosenthal & McLane, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

McCown, J.

The defendant, Harry J. Warner, was found guilty of robbery by a jury and sentenced to 4 years imprisonment.

Zerna Charles Erb, 67, Harry J. Warner, 47, and a woman known as Patricia Lee or Ingram, or Percilla Current, 40, were walking to the Park Bar in Omaha early in the evening of February 22, 1966. All had been drinking for at least several hours. The testimony of the woman, who was the State's only eyewitness, was

that when they reached an alleyway directly adjoining the Park Bar, the defendant Warner hit Erb in the head with a brick; that Erb fell into the alleyway; that the defendant took the billfold out of Erb's pocket and tossed it to her; and that she put it back beside Erb. She also testified that there was $1.25 or $1.35 in the billfold. The defendant and the woman then went into the Park Bar and were still there when they were arrested. Erb's body was found a short time later in the alleyway. There were abrasions on the eyebrow and nose and a bruised area on the chin as well as abrasions on each kneecap. Death, however, was due to a coronary occlusion and was not caused by a blow. A second count in the indictment charging the defendant with unlawfully abandoning a dead body in a place other than a regular burial place was dismissed.

The defendant's testimony as to the general pattern of events was substantially the same as the woman's testimony, with some vital exceptions. He testified that Erb called him a name; that he didn't like it; and that he "gave the old boy a shove, and that is all there is to it." He didn't see Erb fall down, and he "never touched him at all after that." "The billfold was laying on the ground." "I don't know how it got there, but I picked it up and handed it to her, and she looked in it and said, 'There is no money in the billfold.' * * * and she threw the billfold back down there by him."

The testimony of the police was that when they arrived at the scene, the billfold was lying on the ground approximately one foot from the left hand of the deceased Erb, and that it had no money in it. The coat defendant was wearing was removed from him by the police, and the woman testified that spots on it were blood spots, which she saw "get put on there" and that it probably happened when Erb fell against the defendant.

The defendant first contends that he was denied his constitutional right to a speedy trial.

The events on which the prosecution is based occurred February 22, 1966. The defendant was arrested that night. On March 17, 1966, the public defender was appointed to represent the defendant. Defendant's trial commenced August 29, 1966. No request for an early trial was made at any time.

Section 29-1202, R. R. S. 1943, provides for the discharge of any person indicted for any offense and committed to prison who shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense. This, of course, is the maximum time within which a defendant must be tried, and there is no question but that the defendant was tried well within this maximum.

The recent case of State v. Bruns, *ante* p. 67, 146 N. W. 2d 786, considered the issue of whether the defendant was accorded a speedy trial within constitutional provisions, independent of any statutory guide. This court stated: " 'What is a fair and reasonable time in each particular case is always in the discretion of the court. No hard and fast rule can be applied in all cases.' * * * And, also, the burden of proof is upon the defendant to show that there has been a delay which is unreasonable or beyond the time fixed by statute." The mere fact that 6 months elapsed between arrest or indictment and commencement of trial, standing alone, is insufficient to establish a denial of defendant's constitutional right to a speedy trial.

Defendant also contends that the evidence was insufficient to support a finding of guilt, because the only eyewitness was perhaps an accomplice; was mentally retarded and a chronic alcoholic; and her testimony was contradictory or inconsistent. This court may not, in a case of this kind, decide conflicts in or weigh the evidence or pass on the credibility of witnesses. It is implicit in a verdict of guilty that the jury resolved all controverted questions of fact in favor of the State and this court will not disturb such a verdict based on evi-

dence unless, as a matter of law, it is insufficient to support a finding of guilt. Clown Horse v. State, 170 Neb. 336, 102 N. W. 2d 625.

The judgment is affirmed.

AFFIRMED.