STATE OF NEBRASKA, APPELLEE, V. ROBERT ELLIS, APPELLANT.

169 N. W. 2d 267

Filed June 20, 1969. No. 37131.

A. Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCown, J.

The defendant, Robert Ellis, was found guilty of the crime of burglary on September 10, 1968, and sentenced to a term of 8 years. The issue on appeal is whether a delay of 43 days in holding a preliminary hearing was a violation of his right to a speedy trial guaranteed by the state and federal Constitutions.

The burglary was committed on July 13, 1968. On July 15, 1968, complaint was filed in the municipal court of the City of Omaha charging the defendant with the crime. A warrant for arrest was issued and the record shows that the defendant appeared in the municipal court on July 15, 1968, represented by counsel, and bond was set at $2,500. On August 27, 1968, defendant filed a habeas corpus action in the district court, alleging that he had been denied a preliminary hearing for more than 43 days, and that he was unlawfully detained without probable cause. On the same day, the district court directed the sheriff to appear forthwith. The court then denied the writ, but provided in the order that unless the defendant was afforded a preliminary hearing by August 30, 1968, the court would entertain another writ. On August 29, 1968, the defendant was arraigned in municipal court and pleaded not guilty. Preliminary hearing was held, and the defendant bound over to the district court with bond fixed at $3,500. The information against the defendant was filed in the district court on September 3, 1968. On September 9, 1968, the defendant's jury trial began, and on September 10, 1968, the jury found him guilty.

The defendant contends that the delay in holding the preliminary hearing deprived him of his constitutional right to a speedy trial.

Our statutes require that a person charged with a felony shall be brought before a magistrate, and that the magistrate "shall proceed as soon as may be," to inquire into the complaint. This and other statutory provisions have been interpreted by our decisions to mean

that the accused must be brought before the magistrate in the first instance as soon as is practical under the existing circumstances. See State v. O'Kelly, 175 Neb. 798, 124 N. W. 2d 211.

The United States Supreme Court has consistently held that: " 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' " United States v. Ewell, 383 U. S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627.

This court has also affirmed those principles and has held that the right to a speedy trial must be asserted by affirmative action on the part of the defendant, at least when the accused has been admitted to bail, or is not within the custody of the court. See State v. Bruns, 181 Neb. 67, 146 N. W. 2d 786.

In Harling v. United States, 401 F. 2d 392 (C. C. A., D. C., 1968), the court stated: "It is settled that infringement of the right to a speedy trial depends upon several factors, including not only the length of the period between arrest and trial, the reasons for the delay, and the blameworthiness of the prosecution and the defense, but also the prejudice to the defendant." See, also, United States v. Richardson, 291 F. Supp. 441 (1968).

It must be noted here also that the total time that elapsed between the time the defendant was arrested and the time of his actual trial and conviction by a jury was less than 2 months. He was represented by counsel at the time of his first appearance before the municipal court on July 15, 1968. No request for a date for preliminary hearing was made. The defendant had his preliminary hearing 2 days after his counsel took affirmative action by filing the habeas corpus proceeding. He was tried and convicted less than 2 weeks later. There could be no complaint that the actual jury trial was not prompt and speedy. The defendant's complaint is only that the preliminary hearing was delayed.

There might be some question as to whether a pre-

liminary hearing, standing by itself, comes within the ambit of the constitutional guarantee of a speedy trial. Nevertheless: "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of the accused to defend himself." United States v. Ewell, *supra.*

Here there is no showing as to the reasons for the delay, nor that the delay was purposeful or oppressive. The only showing by the defendant on the issue of possible prejudice by the delay is that one witness subpoenaed by the defendant for trial on September 9, 1968, was not located by the sheriff. There is no showing that that witness was available or could have been served at any time between July 15 and August 29, 1968, nor any showing as to what testimony the witness could have given if available on any of the dates. Any claim of possible prejudice to the defendant resulting from the delay in preliminary hearing is completely insubstantial and speculative.

Whether delay amounts to an unconstitutional deprivation of rights depends upon the circumstances. The delay must not be purposeful or oppressive. The essential ingredient is orderly expedition and not mere speed. United States v. Ewell, *supra.*

We do not condone unjustified delay in holding a preliminary hearing, particularly when it results in undue or oppressive incarceration prior to trial. Neither do we imply approval of any disregard of the statutory command that the preliminary hearing "shall proceed as soon as may be." There may be cases where the length of the delay alone might be such as to establish prejudice as a matter of law, but we do not believe that point has been reached here. We hold that an unexplained delay of 43 days between arrest and a preliminary hearing, standing alone, does not demonstrate a violation of the

constitutional guarantee of speedy trial, in the absence of a showing of prejudice.

The district court properly overruled the defendant's plea in abatement. The defendant's constitutional rights to due process and a speedy trial were not violated, and the judgment is affirmed.

AFFIRMED.