STATE OF NEBRASKA, APPELLEE, V. ODELL FORD, APPELLANT.

180 N. W. 2d 922

Filed November 13, 1970. No. 37557.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Odell Ford was convicted of manslaughter in the district court for Douglas County and sentenced to 5 to 10 years in the Nebraska Penal and Correctional Complex.

The defendant raises two issues on appeal: (1) The constitutional right to a speedy trial, and (2) the instructions to the jury as to self defense.

The offense with which the defendant was charged took place on July 8, 1969. Information was filed on July 9, 1969, in the municipal court. The defendant was arraigned on July 25, 1969. Information was filed in the district court on July 30, 1969. On August 4, 1969, the public defender was appointed to represent the defendant. Trial to the jury commenced December 10, 1969, and the jury verdict was returned December 12, 1969.

The defendant contends that approximately 5 months time between arrest and trial denied him a speedy trial, where an eyewitness, endorsed by the State, died before trial. There is no showing as to what testimony the State's witness could have given if available, nor is there any showing as to when he died. There is no showing of any action by the prosecution or the defense either to expedite or delay proceedings. Neither is there any showing as to the condition of the trial docket, nor whether any exceptional circumstances necessitating any delay existed.

Under section 29-1202, R. R. S. 1943, two terms of court are fixed as the maximum period after which a prisoner held in custody is entitled to be discharged for want of a speedy trial. That time is a maximum time, and this court has the power to determine a fair and reasonable time in each particular case, even though less than that maximum. See State v. Bruns, 181 Neb. 67, 146 N. W. 2d 786.

The 5-month period involved here is within the range of time limitations in those states which currently fix specific time limits in days or months. It is close to the optimum recommendations of the President's Commission on Law Enforcement and Administration of Justice. See, also, ABA Standards Relating to Speedy Trial, § 2.1.

The United States Supreme Court has consistently held that: "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." United States v. Ewell, 383 U. S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627. The delay must not be purposeful or oppressive. The essential ingredient is orderly expedition and not mere speed. See State v. Ellis, 184 Neb. 523, 169 N. W. 2d 267. Here the total time involved was approximately 5 months from the time of arrest to the time of trial. There is no showing whatever as to any factors which affected that time span. Neither is there any showing that any

delay was purposeful or oppressive. The passage of 5 months time between arrest and trial, standing alone, does not demonstrate a violation of the constitutional guarantee of speedy trial.

The defendant also contends that the district court committed reversible error in not properly instructing the jury concerning the Nebraska law of self defense. The Court fully and thoroughly instructed the jury as to the law of self defense. Although an instruction conference was held, there was no objection to the instruction on self defense at the time of trial, nor was any other or different instruction requested. The issue is raised for the first time in this court.

The theory is that section 29-114, R. S. Supp., 1969, which became law approximately 1 month before the offense committed here, substantially changed Nebraska law as to self defense, and in some unexplained particulars made the instruction given here erroneous. It is quite apparent that the instructions given were correct under the common law prior to the passage of section 29-114, R. S. Supp., 1969. If that section should be unconstitutional, the instructions given were also concededly correct. No issue of constitutionality of section 29-114, R. S. Supp., 1969, has been raised by the defendant nor by the State. That issue is not before the court. Even at this stage of the proceedings, the defendant does not point out in what respects the instruction given was erroneous. If the court has instructed the jury generally on the law of the case and has not withdrawn any essential issue from consideration of the jury, error cannot be predicated on failure to charge on some particular phase of the case unless proper instruction has been requested by the party complaining. See State v. Caldwell, 183 Neb. 712, 164 N. W. 2d 213.

The judgment of the district court is affirmed.

AFFIRMED.