STATE OF NEBRASKA, APPELLEE, v. PHILLIP RUSSO, APPELLANT.

190 N. W. 2d 853

Filed October 15, 1971. No. 37913.

William L. Walker, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

An information charged that Phillip Russo during his confinement in the Nebraska Penal and Correctional. Complex had assaulted and struck Leo M. Amen. A jury found him guilty. He appeals and assigns errors relating to voluntariness of admissions, right to speedy trial, and a jury instruction on self-defense.

Preliminary to in-custody interrogation of Russo by a lieutenant of the Nebraska State Patrol, on August 28, 1969, the lieutenant commenced to deliver Miranda warnings. Russo, interrupting, spontaneously volunteered that he had struck Amen. Although that evidence differed from testimony by Russo, and no one had taken stenographic notes, it sufficed to support findings by court and jury against him. An accused without counsel and in custody for interrogation may effectively waive his privilege against self-incrimination without receiving Miranda warnings. See, State v. Perez, 182 Neb. 680, 157 N. W. 2d 162 (1968); United States v. Barnhill, 429 F. 2d 340 (8th Cir., 1970).

The offense occurred on August 27, 1969, but trial did not commence until November 2, 1970. The delay was due to (1) hand-lettered motions signed by Russo but not by his counsel, (2) confinement of Russo in a hospital for psychiatric treatment from January to June 1970, and (3) agreement of counsel to a continuance.

Violation of the right to a speedy trial is not necessarily determinable by passage of time alone. Among intervals ordinarily to be excluded in computation of time for a speedy trial are delay resulting from (1) other proceedings concerning defendant or (2) a continuance granted at the request or with the consent of defendant. See A.B.A., Standards Relating to Speedy Trial, § 2.3 (Approved Draft, 1968). Russo was given a speedy trial.

On self-defense, jury instruction No. 8 embodied the

substance of the standard form. See NJI No. 14.33 (1969). Russo argues that State v. Goodseal, 186 Neb. 359, 183 N. W. 2d 258 (1971), which decided the Self-Defense Act of 1969 was unconstitutional, rendered the instruction erroneous. He requested no different instruction. Indeed he does not specify the nature of the asserted error in the court's instruction.

If the court has instructed the jury generally on the law and has not withdrawn any essential issue from consideration by the jury, error cannot be predicated on failure to charge on some particular phase of the case unless proper instruction has been requested by the party complaining. State v. Ford, 186 Neb. 109, 180 N. W. 2d 922 (1970).

The judgment is affirmed.

AFFIRMED.