STATE OF NEBRASKA, APPELLEE, V. GARY OGDEN, APPELLANT.

213 N. W. 2d 349

Filed December 14, 1973. No. 39047.

Edward E. Hannon, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The State separately prosecuted Gary Seger, Danny Atkinson, and defendant, Gary Ogden, for the offense of having carnally known and abused a female child under age 15. The prosecutions arose out of the same affair. See, State v. Atkinson, *post* p. 9, 213 N. W. 2d 351; State v. Atkinson, 190 Neb. 473, 209 N. W. 2d 154 (1973). A jury found Ogden guilty, and he appeals.

Ogden asserts (1) insufficiency of evidence to sustain the conviction, (2) erroneous exclusion of evidence that Seger, Atkinson, and their wives were free from gonorrhea, (3) erroneous denial of his new-trial motion based on newly discovered evidence, and (4) denial of his pretrial motion for discharge inasmuch as the State did not bring him to trial within the statutory period of 6 months from the date of filing of the information. See § 29-1207, R. S. Supp., 1972.

Counsel for Ogden concedes that the testimony was substantially the same as the testimony at the jury trial in State v. Atkinson, and that a statement of the facts in detail would be of little value. The first three con-

tentions are decided against him on authority of the two cases of State v. Atkinson, *supra.*

Respecting the denial of the motion for discharge, the information was filed May 30, 1972, but trial commenced December 11 - a lapse of 6 months and 11 days. The question is whether proceedings on a motion for change of venue tolled the running of the statutory period.

Both Atkinson and Ogden were represented by Edward E. Hannon. On September 25, 1972, Ogden filed his motion for a change of venue. According to the journal of the court and a verbatim record of proceedings on October 3, hearings were held September 25 and 28 on the motion of Atkinson as well as on that of Ogden. The court denied the motions on October 3.

The verbatim record of the hearing immediately after the court announced its rulings on the motions marks the beginning of confusion. Hannon and the county attorney concurred that they had submitted the motion of Atkinson alone. Hannon added that the Ogden hearing would be premature "as long as we are going to try Danny Atkinson first." The record on that date, however, concludes: "THE COURT: . . . (Y)ou make application for additional hearing on Ogden. MR. HANNON: I will, at an appropriate time. THE COURT: All right . . . ." No further, formal application was made.

At a hearing on November 6, 1972, "to take up . . . (Ogden's) motion for change of venue," Hannon on inquiry said he had no more evidence to introduce "at this time." He added, "See, this is a continuation of the hearing, and of course, we introduced evidence at one time. . . . (W)e introduced our evidence. . . . The state, I guess, has asked . . . ." Hannon declined to concur that the evidence on the motions of Atkinson and Ogden was the same. He recalled that the State had asked for a continuance. The State introduced evidence, and the court announced it would rule that day. No such ruling, however, appears. Adjournment was

had and no other motions were made until the date of trial when Ogden moved for discharge under the limitation statute.

In computation of the 6-month limitation, periods of delay because of motions for change of venue, and a continuance granted at the request, or with the consent, of defense counsel are excluded. § 29-1207(4) (a) and (b), R. S. Supp., 1972.

Absence of a journal entry on November 6 and the ambiguity of the record weigh against the State. The statements of Hannon, however, are important. He at least consented to a continuance on October 3, pointing out the precedence of the Atkinson case. Notwithstanding the state of the journal and the proceedings on October 3, we infer from the proceedings on November 6 an implicit agreement among counsel and the court that Hannon need not renew his motion after the October 3 ruling. Denial of the motion for discharge was correct.

Other issues are resolved against Ogden, and the judgment is affirmed.

AFFIRMED.