STATE OF NEBRASKA, APPELLEE, V. OTIS C. JOHNSON, III, APPELLANT.

268 N. W. 2d 85

Filed July 5, 1978. No. 41755.

Donald W. Marshall, Jr., of Marshall & Marshall, and John J. Battershell of Cunningham Law Office, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

The issue presented in this case is whether Otis C. Johnson, III, defendant and appellant herein, was brought to trial within 6 months of the commencement of this criminal action against him as required by section 29-1207, R. R. S. 1943. In a complaint filed in the county court of Red Willow County on August 18, 1976, the defendant was charged with operating a motor vehicle while his operator's license was revoked. On May 6, 1977, the defendant moved for dismissal on the ground that he had not been tried within 6 months of the filing of the complaint. Defendant's motion was overruled after a hearing, and he was tried on May 13, 1977, and found guilty as charged. The District Court affirmed defendant's conviction. He has now appealed to this court, contending that his conviction should be reversed because he was not tried within 6 months of the filing of the complaint. We reverse.

The complaint in this case was filed on August 18, 1976. A continuance was granted at defendant's request from August 26, 1976, to September 2, 1976, to enable him to secure counsel, and on September 2nd the defendant appeared with counsel and pled not guilty. County court records indicate that thereafter trial dates were set for September 22nd and November 4th, but a trial was not held on either of those dates. Neither the county court records, nor the evidence presented at the hearing on defendant's motion to dismiss, disclose the reason for those post-

ponements. There was no evidence that the defendant moved for a continuance during this time period, or that he or his counsel consented to a continuance. The case was eventually set for trial on February 16, 1977.

On February 14, 1977, the defendant's counsel moved for a continuance on the grounds that defendant would be outside the state conducting business on February 16th, and would be unable to appear for trial. This motion was overruled on February 15th, and defendant was ordered to show cause on February 24th why he should not be held in contempt of court. The defendant did not appear at the show cause hearing because he was again outside the state conducting business, and he was held in contempt of court. A warrant was issued for his arrest on March 3, 1977. On March 16th, the defendant appeared in the county court, and county court records indicate that he was ordered to appear for trial on May 13, 1977. Neither the court records nor the evidence presented at the hearing, however, shed any light on the circumstances surrounding the setting of the May 13th trial date. There was no evidence whatsoever that the defendant or his counsel consented to the May 13th trial date, or that the defendant was advised of his right to a speedy trial and waived such right. The evidence at the hearing disclosed that the county court docket was not congested on March 16th; and, in fact, there is evidence that trial dates were being moved up rather than being set back. Moreover, there is no evidence in the record that May 13th was the earliest date possible for defendant's trial.

After the hearing on defendant's motion to dismiss, the trial court made specific findings concerning what time periods should be included in computing whether the defendant had been brought to trial within 6 months of the filing of the complaint. It concluded that the period of time between the filing

of the complaint on August 18, 1976, and February 14, 1977, with the exception of a 7-day continuance granted to the defendant to obtain counsel, should be included in the computation; and that the period between February 14th to March 16th should be excluded because the defendant was outside the jurisdiction and not available for trial during that time period. The trial court also concluded that the period of time after March 16th should be excluded because the trial date of May 13th "was arrived at with the consent of the defendant's counsel." The trial court specifically stated: "I am also going to exclude that period of time from March 16th to the present for purposes of computation, and I do so on the basis of again the defendant's Motion for Continuance by the consent under section 29-1207 4B. I feel that although there was not a formal Motion for a Continuance or an objection to said continuance, I do feel that the trial date that was set on May the * * * 13th was arrived at with the consent of the defendant's counsel and I * * * I'm basing it strictly on the basis — on the fact that I believe the defendant's counsel did consent to the setting of that date."

Section 29-1207, R. R. S. 1943, provides that every person charged with a criminal offense shall be brought to trial within 6 months. In cases commenced and tried in the county court, the 6-month period begins to run on the date the complaint is filed. See, State v. Stevens, 189 Neb. 487, 203 N. W. 2d 499 (1973); State v. Born, 190 Neb. 767, 212 N. W. 2d 581 (1973). Subsection (4) of section 29-1207, R. R. S. 1943, provides that certain periods of time shall be excluded in computing the time for trial. Such periods, as are relevant in this case, include: (1) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel; (2) the period of delay resulting from the absence or unavailability of the defendant; and (3) other periods of delay not specifically

enumerated, but only if the court finds that they are for good cause.

In State v. Alvarez, 189 Neb. 281, 202 N. W. 2d 604 (1972), this court established several principles relevant to the application of section 29-1207, R. R. S. 1943. First, we held that the "primary burden is upon the State, that is, the prosecutor and the court, to bring the accused person to trial within the time provided by law. * * * If a defendant is not brought to trial within the time provided for and as determined by valid statutory standards, he is, in the absence of an express waiver or a waiver as provided by statute, entitled to his absolute discharge from the offense alleged * * *." Second, we specifically rejected the contention that the failure of the defendant to object at the time the trial court enters an order setting the trial at a date after the 6-month period constitutes a waiver of his rights under the statute. See, also, Barker v. Wingo, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Third, we held that the State has the burden to prove by a substantial preponderance of the evidence that one or more of the excluded periods of time under subsection (4) of section 29-1207, R. R. S. 1943, is applicable if the defendant is not tried within 6 months of the commencement of the criminal action. Finally, we set down specific guidelines for future cases, stating that when the trial court sets a date for trial outside the 6-month period, the court shall: "(1) Advise the defendant of his statutory right to a speedy trial and the effect of his consent to a period of delay, and * * * (2) Ascertain of record whether the defendant does or does not waive his right to a speedy trial and consent to the trial date set."

The dispute in the present case is whether the time period after March 16, 1977, when defendant appeared in court after his absence from the jurisdiction, should be included in the 6-month computation. Until March 16th, 5 months, 19 days had elapsed

from the filing of the complaint, excluding the time the defendant was absent from the jurisdiction, which was from February 14th to March 16th, and also excluding the time the defendant was granted a continuance to secure counsel, from August 26th to September 2nd. Therefore, if the time after March 16th is not excluded, the State had 11 days after March 16th to try the defendant, which it did not do. If the time after March 16th is excluded, it is apparent that the defendant was tried within 6 months under section 29-1207, R. R. S. 1943.

The trial court concluded that the period after March 16th should be excluded under subsection (4) (b) of section 29-1207, R. R. S. 1943, which provides for excluding the "period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel." The trial court apparently viewed the delay after March 16th as the result of an "informal" motion for a continuance on the part of the defendant, and then expanded on this view by stating that it believed that the defendant's counsel had consented to the setting of the trial date on May 13th. The evidence presented at the hearing on defendant's motion to dismiss, however, does not support the conclusion of the trial court. Other than the continuance granted at the outset of the case to permit the defendant time to secure counsel, no continuance was ever granted by the trial court. There is no evidence that the defendant, either formally or informally, moved for a continuance on or after March 16th, nor was there any evidence that the defendant or his counsel consented to the setting of the trial date on May 13th. In fact, the witnesses at the hearing were not even certain when the trial date of May 13th was actually set, and there was no evidence concerning the circumstances of the May 13th trial date.

We conclude that the exclusion of the time period after March 16th cannot be justified by reliance on

subsection (4) (b) of section 29-1207, R. R. S. 1943. The evidence simply does not show that there was a continuance granted on or after that date at the request or with the consent of the defendant or his counsel, or that the defendant or his counsel consented to the trial date of May 13th. Since the burden is upon the State to show by a substantial preponderance of the evidence that one or more of the excluded periods of time under subsection (4) of section 29-1207, R. R. S. 1943, was applicable, and since it failed to meet this burden with respect to subsection (4) (b), the trial court's exclusion of the time period after March 16th under subsection (4) (b) cannot be sustained.

We also find no other provision in subsection (4) of section 29-1207, R. R. S. 1943, which would warrant exclusion of the time period after March 16th from the 6-month computation. Subsection (4) (f) excludes periods of delay not specifically enumerated, but only if the trial court finds that they are for "good cause." In State v. Alvarez, *supra,* this court held that if a trial court relies on subsection (4) (f) in excluding a period of delay from the 6-month computation, a general finding of "good cause" will not suffice, and the trial court must make specific findings as to the good cause or causes which resulted in extensions of time. In the present case the trial court did not purport to rely on subsection (4) (f) in excluding the time period after March 16th, but specifically and solely relied on subsection (4) (b). In any event, the evidence presented by the State does not support a finding that the delay from March 16th until May 13th was the result of good cause. There is no evidence either, that the State could not have tried the defendant within 11 days after March 16th, in which case the defendant unquestionably would have been tried within 6 months of the filing of the complaint, or, that May 13th was the earliest trial date available after March 16th.

For the same reasons, the delay after March 16th until May 13th can not be excluded under subsection (4) (d) of section 29-1207, R. R. S. 1943, which excludes from the computation the period of delay resulting from the absence or unavailability of the defendant.

In summary, the State failed to meet its burden of proof in this case, and the delay after March 16th can not be attributed to the defendant. As the trial judge himself admitted: "* * * I am not going to make any bones about it. I think that the court is at fault for not following the proper procedures * * *."

We conclude that the defendant is entitled to discharge from the offense charged because the State failed to meet its burden of showing that he was brought to trial within 6 months of the filing of the complaint. See, § 29-1208, R. R. S. 1943; State v. Alvarez, *supra*. We emphasize however, that a defendant whose trial is set at the end of the 6-month period, but who fails to appear for that trial, is not necessarily entitled to an immediate trial when he subsequently appears in court. It would appear in many cases that a delay after the defendant's reappearance might be justified for good cause, such as a congested docket in the trial court, or scheduling difficulties on the part of the trial judge or the prosecutor. In such a case, where the trial date must be set outside the 6-month period, the trial court should comply with the mandate of State v. Alvarez, supra, and advise the defendant of his right to a speedy trial and ascertain whether the defendant wishes to waive that right; or otherwise set forth in the record the cause for the delay. We also note that the prosecution may move for a continuance under subsection (4) (c) of section 29-1207, R. R. S. 1943, in such circumstances. If such simple procedures are followed, problems like those in the present case can be avoided in the future.

We reverse the judgment and remand the cause

with directions to vacate the defendant's conviction and discharge him from the offense charged.

REVERSED AND REMANDED.

SPENCER, J., dissenting.

I dissent from the majority opinion herein for two reasons: First, I do not feel that a defendant can deliberately ignore or flout an order of the trial court and then take advantage of his misconduct. Second, the trial date of May 13, 1977, was set by agreement of the defendant's counsel.

On the 24th day of February 1977, the county judge entered an order in a contempt of court hearing for failure to be present in court for a scheduled jury trial on February 16, 1977. The court in that order made fact findings as follows: "* * * 5) On or about the 14th day of February, 1977, defendant's Counsel moved for a continuance of the jury trial date set for the 16th day of February, based upon defendant's absence from the county.

"6) Above said Motion for a Continuance was after hearing, denied by the Court and and (sic) order was entered on the 15th day of February, 1977, to show cause why defendant should not be held in Contempt of Court for failure to be present for the scheduled jury trial date.

"7) Above said Order to Show Cause was set for hearing on the 24th day of February, 1977, and due and proper notice to defendant, his attorney, and the Red Willow County Attorney was mailed on the 15th day of February, 1977.

"8) The defendant failed, neglected and refused to appear in person before the Court on the 24th day of February, 1977, as ordered, but defendant's attorney has filed an application for a continuance of the hearing based upon defendant's absence from the county.

"9) That above said Application for a Continuance is based upon the defendant's absence from the county, which is the main reason for this Court's

original order to show cause why defendant should not be held in contempt and it was not supported by sufficient evidence to substantiate the impossibility of defendant's presence in this Court and said Application for a Continuance should be denied."

Under date of May 9, 1977, the defendant, giving an address as Box 96, Rangely, Colorado 81648, signed a waiver of personal appearance, and requested the court to proceed during every absence of his at all times when he is represented by his attorney. He further agreed to be present in person in court, ready for trial any day and hour which the court may fix in his absence.

Under date of May 13, 1977, the county court entered an order which, so far as material herein, reads as follows: "NOW ON THIS 11th day of May, 1977 this matter came on to be heard on the Motion to Dismiss filed by Defendant herein. Mr. Mike Freeman, County Attorney, Mr. John Battershell, Defense Attorney were present and the Defendant waived his presence by written document filed herein dated May 9, 1977. Both Attorneys in addition to Mary Fahrenbruch, Court Clerk, were sworn and presented evidence.

"BASED UPON said evidence and the record the Court finds that: * * * "(7) On the 24th day of February a hearing was held and the Defendant was found to be in contempt of Court and by consent of the Attorneys a trial date of May 13, 1977 was set for hearing this matter.

"(8) For purposes of computing the time excludable pursuant to 29-1207 the Court finds the following continuances granted at the request of or with the consent of the Defendant or his counsel:

"(A) That period from August 26, 1976 to September 2, 1976.

"(B) That period from February 14, 1977 to the trial date set for May 13, 1977.

"(C) That less than six months has expired since

the date the complaint was filed."

The motion to dismiss was overruled and the defendant, after trial, was found guilty as charged. On appeal to the District Court the motion to dismiss was again overruled, and the judgment of the county court was affirmed. Two courts have made fact findings on the issue of a speedy trial. I am not about to be a party to reversing those findings. In my judgment the suggestion that the defendant should have been tried within 11 days of March 16, 1977, on this record is absurd.

Defendant's counsel argues the court could have worked the case in sooner after the trial date was set when other cases fell out. This argument borders on the ridiculous on this record considering the fact that defendant claimed to be out of the state for so long a period and found it necessary to waive personal appearances for all hearings except the trial.

WHITE, C. J., and BOSLAUGH, J., join in this dissent.

BRODKEY, J., respondente.

I believe that several additional comments are appropriate in view of the strong language contained in the dissenting opinion in this case. Apparently the dissenters are of the view that the time period after March 16, 1977, should be excluded from the computation under either subsection (4) (b), (4) (d), or (4) (f) of section 29-1207, R. R. S. 1943, all of which were discussed in the majority opinion.

It should be noted that the dissent does not refer to the evidence presented at the hearing on defendant's motion to dismiss, but rather quotes extensively from the findings of the judge of the county court who tried the matter. It hardly needs to be said that the issue is not what the trial court found, but whether those findings are supported by any competent evidence. Specifically, the issue is whether the State met its burden of proving by a substantial preponderance of the evidence that one or more of the excluded periods of time under subsection (4) of sec-

tion 29-1207, R. R. S. 1943, is applicable. State v. Alvarez, 189 Neb. 281, 202 N. W. 2d 604 (1972).

There was not one iota of evidence presented at the hearing on the motion to dismiss that the trial date of May 13th was set with the consent of the defendant or his counsel. The trial court, after the hearing, stated as follows: "* * * I do *feel* that the trial date * * * was arrived at with the consent of the defendant's counsel * * *." (Emphasis added.) The fact remains, however, that there was absolutely no evidence presented at the hearing which supports this finding. In fact, the witnesses at the hearing expressed confusion over when the trial date was set, and there was no testimony that the defendant or his counsel consented to the setting of the trial date on May 13th. Under these circumstances, it can hardly be said that the State proved by a substantial preponderance of the evidence that the period after March 16th should have been excluded under subsection (4) (b) of section 29-1207, R. R. S. 1943.

The second criticism of the dissent, that the defendant should not benefit from his willful absence from the jurisdiction, is also groundless. Again, the dissent does not point to any evidence which would warrant the exclusion of the time period after March 16th under either subsection (4) (d) or (4) (f) of section 29-1207, R. R. S. 1943. Furthermore, the trial court did not rely on these subsections for the obvious reason that there was no evidence to support an exclusion of the time period after March 16th under them.

As the majority opinion emphasizes, a defendant whose trial is set at the end of the 6-month period, but who fails to appear for that trial, is not necessarily entitled to an immediate trial or one within the few days remaining in the 6-month period when he subsequently appears in court. In such cases a delay after the defendant's reappearance might be

justified for good cause. See State v. Alvarez, *supra*. Therefore the majority opinion, contrary to the suggestion of the dissent, does not give a defendant license to benefit from misconduct. It simply requires the State to comply with the provisions of section 29-1207, R. R. S. 1943, by bringing the defendant to trial within 6 months unless there is *good cause* for not doing so, or unless one of the other exceptions of the 6-month rule is applicable. The fact that a defendant has failed to appear for trial does not authorize the State to delay the proceedings for any length of time it chooses, and there is no evidence in the present case that the delay from March 16th until May 13th was for good cause as delineated in State v. Alvarez, *supra*.

The Legislature has mandated that delay beyond 6 months be justified under one of the specific statutory exceptions, a fact which the dissenters choose to ignore. In this case the State simply failed to prove that any of the exceptions set forth in section 29-1207, R. R. S. 1943, apply. In this case even the county court acknowledged it had not followed proper procedures. Under section 29-1207, R. R. S. 1943, and State v. Alvarez, *supra,* the defendant is clearly entitled to be discharged.

WHITE, C. J., dissenting separately.

Besides joining in the dissent of Spencer, J., I wish to add the following:

I

Subsection (3) of section 29-1207, R. R. S. 1943, provides: "(3) If such defendant is to be tried again following a mistrial, *an order for a new trial,* or an appeal or collateral attack, such period shall commence to run from the date of the mistrial, *order granting a new trial,* or the mandate on remand." (Emphasis supplied.)

The statute requires the defendant *be brought to trial* (not a completed trial) within 6 months (not counting excludable time). He was "brought to

trial" on February 16, 1977. He failed to appear then or on February 24, 1977, when the trial judge, out of an abundance of consideration and caution, entertained his counsel's motion to continue the case and fix a new trial date. Under either the literal wording or spirit of the statute, this action by the defendant to "cover" his failure to appear, must be within the meaning and intent of the statute. To me, it is clear that, in the words of the statute, "such period [6 months] shall commence to run from the date of the * * * order granting a new trial * * *."

Further, could anyone doubt that this calculated absence and action to delay, to secure a new trial date, was not the result of the absence or unavailability of the defendant? Subsection (4) (d) of section 29-1207, R. R. S. 1943, *excludes* "The period of delay resulting from the absence or unavailability of the defendant."

To me, it is almost incredible in reviewing the record, that this court would permit a defendant to play games with a court's docket and the orderly disposition of cases in this manner. No suggestion or showing of prejudice is offered or argued. The result is a miscarriage and abuse of justice, an obstruction of the orderly administration of justice, and a flagrant abuse of the right of the judge and the public to enforce the law evenhandedly.

II

The right to a speedy trial has its Nebraska origin in Article I, section 11, Nebraska Constitution. As to the posture of legislatively created speedy trial statutes, we have consistently held that the interpretation of this constitutional provision is for this court, and that the guidelines set by such a statute are advisory in nature. In the basic case, Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, we stated as follows: "As stated in Critser v. State, 87 Neb. 727, 127 N. W. 1073: 'There is room for the exercise of sound discretion on the part of the trial court, always bearing

in mind that the right to a speedy trial is the constitutional right of any citizen who is accused of crime.' The legislature of our state has interpreted the Constitution on the matter of a speedy trial by fixing what, in certain cases and under certain conditions, is to be regarded as a maximum time within which a defendant must be tried. *The interpretation of this constitutional provision is for the court,* but since the time fixed by the legislature is not unreasonable, we adopt it as our own. The defendant, having failed to bring himself within the provisions thereof, is not entitled to be discharged under its terms. *But the legislature has not undertaken to fix any minimum time in such matters. What is a fair and reasonable time in each particular case is always in the discretion of the court. No hard and fast rule can be applied in all cases.''* (Emphasis supplied.) See, also, Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649; State v. Ogden, 191 Neb. 7, 213 N. W. 2d 349; State v. Stevens, 189 Neb. 487, 203 N. W. 2d 499; State v. Russo, 187 Neb. 348, 190 N. W. 2d 853; State v. Ford, 186 Neb. 109, 180 N. W. 2d 922; State v. Washa, 185 Neb. 639, 177 N. W. 2d 740; State v. Ellis, 184 Neb. 523, 169 N. W. 2d 267; State v. Warner, 181 Neb. 874, 152 N. W. 2d 30; State v. Fromkin, 174 Neb. 849, 120 N. W. 2d 25.

We are reversing, as an abuse of discretion, the judgment of two experienced trial judges in this case. Of particular significance in the record is the showing of extreme judicial indulgence by the court where the defendant absented himself from the state, at the time of trial, and sought sanctuary outside the jurisdiction of the court. There was no prejudice and could be none because he was the one who asked for a continuance.

Under either the statute or our constitutional power to review the circumstances of each particular case (Maher), the judgment finding the defendant guilty should be affirmed. Does a judge enter-

tain and grant a defendant's own motion for a continuance and new trial date at his peril?

SPENCER, J., joins in this dissent.

BRODKEY, J., responding to separate dissent of White, C. J.

In his separate dissent, White, C. J., states: "The statute requires the defendant *be brought to trial* (not a completed trial) within 6 months (not counting excludable time). He was 'brought to trial' on February 16, 1977." This is simply not so, and is an incorrect statement, not supported by fact or law. While it is true that defendant's original trial date was set for February 16, 1977, that trial was continued because of defendant's absence from the state, which period was properly includable under the provisions of the statute in question. A case which is merely brought to point of having been set and then dropped is not "brought to trial." In Tunis v. Superior Court of Los Angeles County, 59 Cal. 2d 465, 30 Cal. Rptr. 135, 380 P. 2d 823 (1963), the court held that an action is not "brought to trial" within the rule requiring action to be brought to trial within 5 years after being filed, until trial is commenced, and the statute is not satisfied by having a trial date set before expiration of such period on a date subsequent thereto. Obviously the swearing of an actual trial jury, or the swearing of witnesses in a trial to the court, are necessary steps in bringing a case to trial, since only at that point does jeopardy attach. See, also, Diverco Constructors, Inc. v. Wilstein, 4 Cal. App. 3d 6, 85 Cal. Rptr. 851 (1970). In the instant case, trial was neither held nor commenced within the 6-month period provided by statute.

It is also significant that neither of the dissenting opinions in this case mentions, comments upon, or attempts to explain away the failure of the trial court to comply with the rules set down by this court in State v. Alvarez, 189 Neb. 281, 202 N. W. 2d 604 (1972), which require the trial court to make specific

findings as to the cause of any extension and the period of extension attributable to such cause, as discussed in the majority opinion. Admittedly, this was not done.

I feel constrained to follow the clear language of section 29-1207, R. R. S. 1943, as written by the Legislature, and State v. Alvarez, *supra,* by the court; and under those authorities the defendant is entitled to have vacated his conviction of the charge of operating a motor vehicle while his operator's license was revoked.