[No. D005293. Fourth Dist., Div. One. Apr. 6, 1988.]

In re the Marriage of KEIKO and GERALD A. FLACK.
GERALD A. FLACK, Appellant, v.
KEIKO FLACK, Respondent.

COUNSEL

Timothy N. Smith and Smith & Selvig for Appellant.

Sebastian D'Amico for Respondent.

OPINION

BENKE, J.—On June 29, 1982, an interlocutory judgment dissolved Gerald and Keiko Flack's marriage of nearly 14 years. Pursuant to a property settlement agreement Gerald's military pension was declared to be his separate property. On December 31, 1985, Keiko filed a motion to modify the dissolution judgment so as to equitably divide the military pension. On April 14, 1986, the trial court granted the motion. Gerald appeals.

On June 26 1981, the United States Supreme Court held, in *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], military retirement benefits are the nondivisible property of the service member. In response, Congress enacted the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA), 10 U.S.C. 1408 (effective Feb. 1, 1983). Under FUSFSPA, a state court may treat military retirement pay as either separate or community property in accordance with the law of the jurisdiction. Prior to *McCarty,* California courts treated non-disability military retirement benefits as community property.

When FUSFSPA became effective February 1, 1983, there existed an 18-month "window period" between June 26, 1981, and February 1, 1983, when *McCarty* was the supreme law of the land. Marriage dissolution judgments entered during the *McCarty* "window period" had routinely denied any interest in military retirement benefits to nonmilitary spouses. To remedy this inequity, the California Legislature enacted Civil Code[1] section 5124 allowing FUSFSPA to be applied retroactively in California,

---

[1] All statutory references are to the Civil Code unless otherwise specified.

even as to those judgments which had become final during the *McCarty* window period. (See *In re Marriage of Deryck* (1987) 190 Cal.App.3d 293 [235 Cal.Rptr. 381].) Gerald was awarded his military pension during this period. Section 5124 provides: "(a) Community property settlements, judgments, or decrees that become final on or after June 25, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this state as it existed before June 26, 1981, and as it has existed since February 1, 1983."

"(b) Modification of community property settlements, judgments, or decrees under this section may be granted whether or not the property settlement, judgment, or decree expressly reserved the pension issue for further determination, omitted any reference to a military pension, or assumed in any manner, implicitly or otherwise, that a pension divisible as community property before June 25, 1981, and on or after February 1, 1983, was not, as of the date the property settlement, judgment, or decree became final, divisible community property.

"(c) Any proceeding brought pursuant to this section shall be brought before January 1, 1986.

"(d) This section shall remain in effect only until January 1, 1986, and on that date is repealed unless a later enacted statute which is chaptered before that date deletes or extends that date."

On December 31, 1985, Keiko filed a motion to modify the property settlement agreement. Hearing on the motion was set for February 10, 1986. The motion was not served upon Gerald and on February 7, at Keiko's request the trial court reissued the motion. ▮▮▮ Gerald argues "brought" as used in section 5124 means both initiation of the motion through filing and service of the motion. (The motion here was filed within the statutory period but not served until after the period had lapsed.) Citing *People* v. *Turner* (1850) 1 Cal. 152, *Tunis* v. *Superior Court* (1963) 59 Cal.2d 465 [30 Cal.Rptr. 135, 380 P.2d 823] and *People* v. *Spring Valley Co.* (1952) 109 Cal.App.2d 656 [241 P.2d 1069], he contends, because the permissible period for modification of the dissolution judgment terminated on December 31, 1985, the trial court lacked jurisdiction when the motion was "brought." These cases do not support Gerald's contention.

In *People* v. *Turner,* the California Supreme Court considered the concept of contempt and the appropriate review of a contempt finding. It did not consider the issue presented here. In *Tunis,* the issue was whether an action had been "brought to trial" within five years of filing of the com-

plaint. The court held an action is "brought to trial" when trial commences. It did not consider when a motion is "brought." In *People* v. *Spring Valley Co.,* a joint highway district sought to condemn land in order to construct a highway. Code of Civil Procedure section 394 provided when an action was brought by a county against the resident of another county, the latter might have the action removed to a neutral county. The defendant in *Spring Valley Co.* argued San Mateo County in effect "brought" the condemnation action and sought change of venue. The court considered the word "brought" only in the context of which party had "brought" the action, not whether "brought" meant both filing a motion and serving the motion upon the opposing parties.

Our examination of California case law fails to locate any decision which has treated the issue before us. Elsewhere, however, cases hold an action is "brought" for the statutory limitations purposes when it is commenced or filed within the prescribed period, even though not served until after the limitations period has run. (E.g., *Decker* v. *Fox River Tractor Company* (E.D.Wis. 1970) 309 F.Supp. 648, 649) [personal injury action "brought" within statute of limitations]; *Witort* v. *United States Rubber Company* (1966) 3 Conn.Cir. 690 [223 A.2d 323, 328]; *Smith* v. *Wagner* (1952) 92 Ohio App. 531, 533 [111 N.E.2d 268, 269] [the words "brought" and "commenced" are synonymous].)

An examination of legislative history sheds no light on why the word "brought" was used in section 5124 rather than "filed" or the phrase "filed and served." We note, however, that in family law provisions California's Legislature has generally used the term "commenced" when expressing window or limitations periods. For example, in section 4426 (annulment limitations period) and in sections 4800.1 and 4800.3, (presumption property acquired during marriage is community property) the window period applies to actions "commenced" within the period. This follows the general practice of expressing limitation periods for civil actions in terms of "commencement" of actions. (E.g., Code Civ. Proc., § 335.) Thus an action is commenced, for Code of Civil Procedure purposes, when the complaint is filed. (Code Civ. Proc., § 350.) Likewise, a dissolution proceeding is "commenced" by the filing of a petition. (§ 4503.)

In addition, we note the general purpose of limitations periods is to further the public policy of eliminating stale claims. (*County of Los Angeles* v. *Security First Nat. Bank* (1948) 84 Cal.App.2d 575, 580 [191 P.2d 78].) The requirement a party step forward prior to the repeal of

section 5124 and commence an action by filing a modification motion fulfills this purpose.

The judgment is affirmed.

Kremer, P. J., and Work, J., concurred.

A petition for a rehearing was denied April 25, 1988, and appellant's petition for review by the Supreme Court was denied June 23, 1988.