GEORGE W. HOPPERTON V. STATE OF NEBRASKA.

FILED JULY 13, 1923. No. 23226.

1. **Criminal Law**: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A motion for a new trial in the district court on the ground of newly discovered evidence was properly overruled, when the testimony set forth was merely cumulative and corroborative of other testimony, and its reception would not be likely to change the result.

2. ———: REQUEST FOR INSTRUCTIONS: PRACTICE. In order to present for review an assignment of error that the court refused to instruct upon one or more propositions of law, it is essential that, if the request was made orally, the page of the record at which the request is shown be pointed out in the brief. Unless the instruction refused concerns such an essential part of the issues that it would constitute prejudicial error to fail to instruct upon the point, "the better rule is that suitable instructions be prepared and submitted to the court, thereby obtaining a ruling thereon, which, if adverse, would constitute a foundation for review." *Curtis v. State,* 97 Neb. 397.

Hopperton v. State.

3. ———: EVIDENCE: REVIEW. In order to preserve for review the alleged error that a tobacco cutter, with which it was alleged that the assault was committed, but which after being introduced in evidence was withdrawn as not having been sufficiently identified, was permitted to remain upon a table in the courtroom in view of the jury during the trial, it is essential that a request should have been made to opposing counsel, or to the trial court, to have the same removed from the view of the jury. Where no such request was made, it is too late to present the point to a reviewing court as prejudicing the defendant's rights.

4. **Assault and Battery:** SUFFICIENCY OF EVIDENCE. Evidence of defendant and witnesses upon his behalf examined, and *held* to support the verdict.

ERROR to the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Samuel L. O'Brien* and *Allen G. Fisher,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., LETTON and ALDRICH, JJ., BLACKLEDGE and COLBY, District Judges.

LETTON, J.

Plaintiff in error, hereinafter termed Hopperton, was convicted of assault with intent to inflict great bodily injury. He seeks to have this conviction reversed.

Hopperton owns and conducts a pool-hall in Crawford. On the afternoon of August 19, 1922, the complaining witness, Dotson, with one Knott, went into the pool-hall; Knott desiring to purchase some tobacco. Hopperton testified that, after buying the tobacco, Knott and Dotson sat down across the room; that he called Dotson over to the counter, or glass case, behind which he stood; that Dotson crossed the room, some high words passed between the men, Dotson using an opprobrious epithet; that Dotson reached across and tried to strike him, and that he jerked backwards; that he told Dotson to go out; that Dotson threw his hand behind him, and, said the witness, "I guess I must have thrown something at him." Other undisputed testimony is to the effect that a moment later

.Dotson received a violent blow in the face from some instrument, which caused a compound fracture of the maxillary bone, forced his nose to one side, caused a wound both above and below his left eye, and cut his upper lip through to the teeth.

Defendant testifies on cross-examination in part as follows: "Q. Now, you said in your direct examination that after this talk with Dotson, and his attempt to strike you, you kind of forgot everything. Just what do you want the jury to understand by that? A. Well, I got mad. I didn't realize what I was doing at the time. Q. You got mad? A. Yes, sir. Q. And have you any recollection of picking up the tobacco cutter there and striking him with it? A. No, sir; I don't. Q. Are you swearing you didn't do that? A. I don't remember it at all. Q. Do you swear you didn't do it at all? A. I don't remember of it. I wouldn't swear positive I did or didn't, for I don't remember. Q. You might have done it? A. I might have done it."

The evidence of defendant himself and that of witnesses called by him is practically sufficient to establish his guilt of the crime charged, and, when considered in connection with the undisputed testimony on the part of the witnesses for the state, we cannot see how the jury could have done otherwise than find defendant guilty.

A motion for a new trial was filed during the term on the ground of newly discovered evidence. The testimony of the witnesses, as set forth in the application, was mainly to the effect that there had been some hard feelings between the parties before the time of the assault, and that Dotson attempted to assault Hopperton before he took any hostile action toward Dotson. As to both of these matters the testimony was only cumulative and corroborative of other testimony in defendant's behalf, and a new trial was properly refused. Moreover, in our consideration of the evidence we have given little weight to the testimony of the state's witnesses as to the immediate facts, and base our conclusions very largely upon the testimony of

defendant and the witnesses produced in his behalf. Defendant has thus had the full benefit of all that these witnesses might have testified to, had they been present at the trial.

A request for a continuance was made by defendant during the progress of the trial, and the refusal to grant it is assigned as error. The witness desired was unable to attend on account of illness, and his illness had only been ascertained by defendant that day. His testimony had been taken in shorthand at the preliminary examination on behalf of the state and transcribed, and defendant had exercised the privilege of cross-examination at that time. This fact was stated by the court and defendant was given the privilege of reading it if he desired. The state objected to the reading of the transcribed testimony for the reason that the witness was present in the county and subject to subpoena. Upon this objection being made the court offered to continue the case over the term. The objection was then withdrawn, and the testimony at the preliminary was read in behalf of the defendant. We are unable to find any prejudice to the substantial rights of defendant in this.

It is charged that there was misconduct on the part of the county attorney in offering in evidence a tobacco cutter which was not shown to be the implement used, and allowing the same to remain upon the counsel's table during the trial. The tobacco cutter was offered and received in evidence, but upon further examination of the witness producing it, and not being sufficiently identified as the one thrown, it was stricken as evidence upon the motion of defendant. The defendant made no objection at the time of the trial to this exhibit being in view of the jurors or being referred to. It is too late now to raise this objection. No doubt the court would have compelled its removal if the matter had been called to its attention.

The evidence does not support the contention as to other alleged misconduct on the part of the county attorney. Errors are assigned by the giving of instructions

Nos. 6, 8 and 9, and in refusing certain instructions requested by defendant. The substance of instruction No. 6 is that, if the jury were convinced beyond a reasonable doubt that the defendant assaulted Dotson with a tobacco cutter, and if it further believed beyond a reasonable doubt that the tobacco cutter was a dangerous and deadly weapon, and that the assault was made purposely and maliciously, there is a presumption that he intended the natural and probable consequence of his acts, and they would be justified in finding him guilty. Instructions 8 and 9 are concerned with the right of self-defense. We find nothing erroneous in these instructions as applied to the facts in this case.

It is also assigned that the court erred in refusing to instruct, at the request of defendant, that the defendant had the right to remove disorderly trespassers from his place of business. No such instruction was tendered, and no complaint is made in the motion for a new trial of a refusal to give any such instruction. Furthermore, the brief nowhere points out in the record where any such oral request was ever made.

As to the assignment that the court erred in refusing to instruct, upon the request of defendant, upon the different grades of assault, the record does not show that the defendant ever made such request. If proper instructions of this nature had been tendered, we cannot say but that the court would have given them. Under the facts in this case, the court was under no obligations to volunteer such instruction. We have said that error cannot be predicated upon such refusal without calling the attention of the trial court to the subject, and that the better rule is that suitable instructions be prepared and submitted to the court for a ruling thereon. *Curtis v. State,* 97 Neb. 397.

The real fact is that the defendant is exceedingly fortunate, for if the missile thrown had varied even a slight degree, the defendant might have been on trial for his life instead of for an aggravated assault. We find no

prejudicial error in the record, and the judgment of the district court is therefore

AFFIRMED.