STATE OF NEBRASKA, APPELLEE, v. ROBERT NEWELL PILGRIM, APPELLANT.

156 N. W. 2d 171

Filed February 9, 1968. No. 36679.

Leamer & Graham and Richard K. Spencer, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

SMITH, J.

This appeal follows a second degree murder conviction by a jury and a sentence of imprisonment for 16 years. Defendant asserts insufficiency of circumstantial evidence, misconduct of the prosecuting attorney, denial of a speedy trial, deprivation of his right to bail, and excessiveness of the sentence.

Shortly after 7 p.m., on July 30, 1966, defendant professed anxiety over the health of his wife, Lucile. Standing in a road near the Metz farm 2½ miles southeast of Jackson, Nebraska, he signaled a passing motorist. When the motorist, Ernest Wood, accompanied by his wife, stopped, defendant said to them: " 'I will give you $2.00 if you will take me to town to get a doctor for my wife. She is awful sick.' " To the suggestion that his wife ride in the Wood automobile, defendant replied: " 'No. * * * She won't talk to you and she won't talk to me.' " After pointing out the Metz farm as his residence, defendant strolled away while Ernest drove to the farmyard.

Failing to arouse a response, the Woods entered the farmhouse. A match supplied enough light for Ernest to see a stained shirt and a form behind a chair. The Woods then hastened to a neighboring farm for help. Upon their return 30 minutes later Ernest parked in the road and close to the Metz driveway. While they were

waiting, Luce Metz appeared. Informed that he should not enter, Metz nevertheless drove into the farmyard; but he remained in his automobile until a rescue squad arrived at 8 or 8:20 p.m. The form behind the chair was Lucile, and she had no pulse. The physician who examined the body in the farmhouse was called at 11 p.m. The interval between death and his examination was ½ hour, possibly 1½ hours or longer.

After the conversation with the Woods, defendant had proceeded to a barroom in Jackson. There he informed a friend that he had stabbed Lucile to death because " 'he * * * couldn't stand her any longer.' " Prior to his arrest at 9 p.m. defendant informed persons who were not law enforcement officers that he had killed his wife. The autopsy revealed multiple stab wounds on the posterior chest wall and the cause of death to be "multiple stab wounds of the anterior chest wall, with penetration of the left upper lobe of the lung, and with exsanguinating hemorrhage from stab wounds." Blood on a floor of the farmhouse had been smeared, and a mop wet with blood was found.

The argument concerning insufficiency of circumstantial evidence overlooks defendant's statements. The argument that venue is unproved because of possible removal of the body from outside the county to the farmhouse disregards the record. The evidence supports the verdict.

The prosecuting attorney is said to have mismanaged knives, bloody clothing, and other items. They were identified and visible to the jury. Although the State attempted to authenticate those 27 exhibits, none were admitted into evidence, and few indeed were offered. Defendant failed to move for mistrial, but he requested a cautionary instruction that is identical with the court's instruction No. 18 as follows: "* * * exhibits were identified but not offered in evidence, or were rejected as evidence by the ruling of the Court. Such evidence is to be treated as though you had never heard of it."

Defendant raised no seasonable objection to the mismanagement—a circumstance at least relevant. See Hopperton v. State, 110 Neb. 660, 194 N. W. 789. The prosecuting attorney acted, we think, in good faith; and his conduct had no inflamatory effect. An instruction to the jury to disregard exhibits ordinarily protects the defendant from unfair prejudice in management of the exhibits before the jury. Cf. Young v. State, 133 Neb. 644, 276 N. W. 387; Maddox v. State, 108 Neb. 809, 189 N. W. 398; Argabright v. State, 62 Neb. 402, 87 N. W. 146.

Defendant was held in custody 9 months between accusation and trial. Filing of the complaint and appointment of defense counsel occurred early in August 1966. Defendant first registered dissatisfaction with the delay on April 10, 1967, during the arraignment hearing, but no motion for discharge was presented. Trial was held from May 8 to 11. Defendant has not asserted a right to discharge under section 29-1202, R. R. S. 1943.

The federal guarantee of a speedy trial is applicable to the states. Klopfer v. North Carolina, 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1. The standard relating to federal and Nebraska constitutional guarantees is reasonableness. United States v. Ewell, 383 U. S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627; State v. Warner, 181 Neb. 874, 152 N. W. 2d 30; State v. Bruns, 181 Neb. 67, 146 N. W. 2d 786. Since defendant failed to move for discharge in the district court, the State had no opportunity to show cause; and the record may be insufficient. Failure of defendant or his counsel to move for discharge prior to trial or entry of plea of guilty constitutes a waiver of the right to a speedy trial. See A. B. A. Project, Standards Relating to Speedy Trial, Tent. Dr., § 4.1, p. 40.

The information charged defendant with first degree murder for which the sentence is life imprisonment or death. He argues a right to bail during the pretrial period. The right is not absolute under the Constitution of Nebraska, Art. I, § 9: "All persons shall be bailable by sufficient sureties, except for treason and murder,

where the proof is evident or the presumption great."
The federal prohibition against excessive bail is applicable to the states. See, Mastrian v. Hedman, 326 F. 2d
708; Hanson v. Gladden (Or.), 426 P. 2d 465. The history of bail systems and contemporary reforms are persuasive that one accused of a capital crime may possess
no right to bail. See, Foote, "The Coming Constitutional
Crisis in Bail," 113 U. of Pa. L. Rev., 959, 1125; Note, 53
Iowa L. Rev. 170, 183; 20 Vand. L. Rev. 948. Denial of
bail was not erroneous under the circumstances.

The transcript shows prior convictions of defendant
for bootlegging and breaking and entering. The 16-year sentence is not excessive.

The judgment is affirmed.

AFFIRMED.