STATE OF NEBRASKA, APPELLEE, v. ROBERT NEWELL PILGRIM, APPELLANT.

168 N. W. 2d 368

Filed June 2, 1969. No. 37155.

Leamer & Galvin, for appellant.

Clarence, A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

SPENCER, J.

Robert Newell Pilgrim, hereinafter referred to as defendant, appeals from a denial of relief in a post conviction proceeding.

Defendant was convicted of second-degree murder in the district court for Dakota County. On direct appeal the conviction was affirmed. See State v. Pilgrim, 182 Neb. 594, 156 N. W. 2d 171.

Defendant filed a motion to vacate and set aside the sentence, alleging he was unlawfully confined in the Nebraska Penal and Correctional Complex because his constitutional rights had been violated in the following respects: The State identified 46 exhibits which were exposed where they could be seen by the jury but only 12 were offered and received in evidence; and that one Charles Reed, purported to be a fingerprint expert, was produced as a witness without showing his qualifications and without following up his testimony on the result of any fingerprint investigation.

The district court ordered the county attorney to show cause why a full evidentiary hearing should not be held. Pursuant to that order, the county attorney offered the bill of exceptions, the original instructions, and a certified copy of the opinion and mandate in the previous case. From the file in the previous case the judge who had presided at the previous trial determined that no new constitutional issues were raised by the motion, and dismissed it. The Post Conviction Act specifically au-

thorizes the trial court to examine the files and records to see if the prisoner is entitled to relief. State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217. The district court sustained the defendant's motion to proceed in forma pauperis, but denied his motion for the appointment of counsel. Defendant assigns as error the refusal of the trial court to grant him an evidentiary hearing on his motion and the failure to appoint counsel for him at any stage of the proceedings.

The issues raised by defendant in his motion were fully considered in the previous case and no purpose would have been served by an evidentiary hearing. If the files and records show to the satisfaction of the district court that the prisoner is entitled to no relief under the Post Conviction Act, the court may overrule the motion to vacate a sentence without a hearing. State v. Ronzzo, 181 Neb. 16, 146 N. W. 2d 576. An examination of defendant's brief indicates that the only questions presented herein are ones of law: Is Bruton v. United States, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476, applicable herein; and should an attorney have been appointed for defendant?

The exhibits in question were identified by the court reporter, but because they were not received in evidence they were not examined by the jurors. It is possible the jurors may have been able to have seen some of the exhibits at a distance on the table of counsel or the reporter, but they did not have an opportunity to examine them. The State attempted to authenticate the exhibits and offered a few in evidence, but after the defendant's objections were sustained the State abandoned any attempt to secure their admission. Defendant requested a cautionary instruction relative to evidence offered and excluded, which was identical to the court's instruction No. 18, set out in our previous opinion.

Ignoring any question of retroactivity, Bruton v. United States, *supra,* has no applicability herein. That case involved the confession of a joint defendant which

was admitted in evidence and which the jury was instructed to disregard as to Bruton. Here, the jurors were not asked to exorcise a statement admitted in evidence which incriminated the defendant. Here, they were charged to consider only the evidence actually received in evidence. If there could possibly have been any doubt on this point, it has clearly been removed by Frazier v. Cupp, 394 U. S. 731, 89 S. Ct. 1420, 22 L. Ed. 2d 684.

Defendant complains his constitutional rights were violated because one Charles Reed was produced as a fingerprint expert without showing his qualifications and without following through on fingerprinting evidence. There is no merit to this allegation. Reed was qualified as a photographer and testified as to several photographs taken by him. He was also permitted to testify without objection to 2½ years experience in working with fingerprints. However, when the county attorney sought to question him about fingerprints he had taken pursuant to a search of the premises involved, defendant's objections as to foundation were sustained and the testimony was not produced.

After defendant's motion for counsel was denied, he communicated with the counsel who had been appointed to represent him in the previous case. This counsel filed a motion for a new trial in the district court and after the motion was overruled, perfected an appeal herein. Defendant had a legal question which he was entitled to have determined. Where a justiciable issue of law or fact is presented, an indigent defendant is entitled to the appointment of counsel. Counsel should have been appointed to represent defendant herein, but the failure to do so cannot be considered prejudicial because defendant was represented by able counsel when this question was presented to the trial court and on appeal herein.

We affirm the judgment of dismissal, but direct the

district judge to allow a claim of defendant's counsel for his services in these proceedings.

AFFIRMED WITH DIRECTIONS.