**Robert N. PILGRIM, Appellant,**

v.

**Maurice H. SIGLER, Appellee.**

**No. 20497.**

United States Court of Appeals,
Eighth Circuit.

April 14, 1971.

Robert N. Pilgrim, filed brief pro se.

Clarence A. H. Meyer, Atty. Gen., and Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., filed brief for appellee.

Before GIBSON, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Petitioner Robert N. Pilgrim, a Nebraska state prisoner, brings this in forma pauperis appeal from the federal district court's denial of his petition for a writ of habeas corpus. He claims that his constitutional right to a fair trial was violated by the prosecuting attorney's alleged misconduct in displaying inadmissible exhibits and adducing fingerprint testimony before the jury. The habeas court rejected the claim. We affirm.

Pilgrim was convicted by a jury on May 11, 1967, of the second-degree murder of his wife, and was sentenced to imprisonment for a period of sixteen years. He appealed directly from his conviction, raising, among other questions, the issue of the prosecuting attorney's alleged misconduct in displaying inadmissible exhibits before the jury. The Nebraska Supreme Court affirmed the conviction. State v. Pilgrim, 182 Neb. 594, 156 N.W.2d 171 (1968). Petitioner then applied to the United States District

Court for the District of Nebraska for a writ of habeas corpus. The district court, Judge Van Pelt presiding, held the petition in abeyance pending petitioner's presentation of the matter first to the state courts. Petitioner then brought such an action under the Nebraska Post-Conviction Remedy Law, NEB.REV. STAT. §§ 29–3001–3004 (Supp.1969), in a Nebraska lower court, where it was dismissed. On appeal, the Nebraska Supreme Court affirmed the dismissal. State v. Pilgrim, 184 Neb. 457, 168 N. W.2d 368 (1969).

Subsequently, on June 12, 1969, petitioner filed in federal district court a request for reconsideration of his application for a writ of habeas corpus. An evidentiary hearing was held, and on July 23, 1970, Judge Van Pelt denied the petition, explaining his ruling in an accompanying memorandum. Petitioner then filed a motion for a rehearing, which Judge Van Pelt denied on August 5, 1970, in a supplemental memorandum.[1]

On this appeal, Pilgrim particularly notes that the prosecutor displayed before the jury several exhibits, some likely to incite passion or prejudice, which were not admitted into evidence. He charges that the jury's request during its deliberations that two of such exhibits be brought to the jury room establishes the prejudicial nature of this misconduct. Appellant further contends that the prosecuting attorney, by presenting testimony of the search for fingerprints, knowingly created a false impression that Pilgrim's fingerprints were found at the scene of the crime.

Judge Van Pelt analyzed petitioner's contentions in depth and concluded that the prosecution committed no error amounting to a denial of due process. The habeas court also determined the trial errors to be harmless beyond a reasonable doubt within the rules of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Harring-

---

1. The July 23, 1970, memorandum and the August 5, 1970, supplemental memorandum are unpublished.

ton v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

We agree with this analysis and affirm on the basis of Judge Van Pelt's memorandum opinions.