STATE OF NEBRASKA, APPELLEE, V. ROBERT NEWELL PILGRIM,
APPELLANT.

196 N. W. 2d 162

Filed March 24, 1972.     No. 38293.

Robert Newell Pilgrim, pro se.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and CLINTON, JJ.

CLINTON, J.

This is the second appeal in this court by the defendant in connection with post conviction relief and relates to the same prosecution as the previous post conviction proceeding. Defendant appears pro se because, as is shown by the records of this court, he refuses to recognize court-appointed counsel.

Defendant was convicted by verdict of a jury on May 11, 1967, of second degree murder. The victim was his wife. On direct appeal this court affirmed the conviction. State v. Pilgrim, 182 Neb. 594, 156 N. W. 2d 171. The prior appeal in the previous post conviction proceeding and in which the judgment of the trial court was affirmed is State v. Pilgrim, 184 Neb. 457, 168 N. W. 2d 368.

At the time this present proceeding was pending in the district court and at the time of the hearing on the show cause order in that court and to which reference is later made, the defendant also had pending an appeal in a habeas corpus proceeding before the United States Court of Appeals, 8th Circuit. That court denied relief and affirmed the finding and judgment of the United

States District Court for Nebraska. Pilgrim v. Sigler, 440 F. 2d 788. The Supreme Court of the United States denied the defendant's petition for writ of certiorari. Pilgrim v. Wolff, 404 U. S. 937, 92 S. Ct. 279, 30 L. Ed. 2d 250 (November 9, 1971).

In this proceeding the district court ordered the prosecution to show cause why the application below should not be granted. The prosecution filed a response which we interpret to contain: (1) An allegation that the proceeding constituted an abuse of process; and (2) allegations that the court had no jurisdiction because of the proceedings for the same relief then pending before the United States courts.

A hearing was held on the order to show cause at which the defendant was represented by counsel and evidence was adduced. The district court made detailed findings based on the evidence and its examination of the files and records. It found the defendant was entitled to no relief and that an evidentiary hearing on the application was not necessary. Findings of the district court determined that the defendant's application raised no constitutional issues not previously raised and that the other grounds, constitutional and otherwise, for relief had been previously raised or were known to the defendant and could have been raised on the original appeal.

We approve the various findings of the district court and deem, just as did the district court, that the present proceedings are an abuse of judicial process. See American Bar Association Standards Relating to Post-Conviction Remedies, Approved Draft, § 6.1(c), p. 85, and § 6.2(b), p. 91.

The defendant's claims have now been considered four times, twice on the merits and twice by way of hearings on orders to show cause directed to the prosecution. The claims have been repetitive or previously known and not asserted. All litigation, including reviews of convictions for crime, must ultimately come to

an end. We now consider that all matters in connection with defendant's conviction on May 11, 1967, are res judicata.

AFFIRMED.