STATE OF NEBRASKA, APPELLEE, V.
DARIN C. YORK, APPELLANT.
731 N.W.2d 597

Filed May 25, 2007.    No. S-06-957.

Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Kimberly Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.
## NATURE OF CASE
In 2005, Darin C. York was convicted of incest in the district court. On direct appeal, York argued that his trial counsel was ineffective, but conceded that the record was inadequate to review the issue, and the issue was only being raised in order to preserve it for a later postconviction action. The Nebraska Court of Appeals granted the State's motion for summary affirmance, citing Neb. Ct. R. of Prac. 7B(2) (rev. 2001).[1]

[1] See *State v. York*, 14 Neb. App. xlvii (No. A-05-1188, Feb. 27, 2006).

York filed a postconviction motion raising his ineffective assistance of counsel claims. The district court dismissed York's motion without an evidentiary hearing, concluding that the claims were procedurally barred. York appealed. The Court of Appeals granted the State's motion for summary affirmance.[2] The primary issue in this petition for further review is whether the Court of Appeals' summary affirmance on direct appeal was a disposition on the merits of York's ineffective assistance of counsel claims.

## STATEMENT OF FACTS

York was convicted, pursuant to a guilty plea, of one count of incest[3] and was sentenced to a term of 4 to 6 years' imprisonment. During his guilty plea and sentencing, York was represented by a private attorney retained by York's family.

York, represented by different counsel, appealed his conviction and sentence to the Court of Appeals. On direct appeal, York claimed, among other things, ineffective assistance of trial counsel. In his brief on direct appeal, York cited two specific instances that he alleged constituted ineffective assistance of his trial counsel. First, York assigned as error that his "plea of guilty was not voluntary because it was based on an assurance from his attorney that he would receive a sentence of probation." Second, York alleged that his trial counsel had a conflict of interest because his attorney was simultaneously representing York's sister, the alleged victim, in a civil personal injury case.

York conceded that his ineffective assistance of counsel claim had not been raised in the trial court and that the record was inadequate to review the issue. York explained that he was nevertheless including this assignment of error in order to preserve the issue for a later postconviction action.

The State filed a motion for summary affirmance, arguing in relevant part that York's ineffective assistance of counsel arguments were without merit. However, the State's motion for summary affirmance "acknowledge[d]," in part, that the court "may find that the record is insufficient to evaluate . . . the assignment

---

[2] See *State v. York*, 15 Neb. App. ___ (No. A-06-957, Jan. 18, 2007).

[3] See Neb. Rev. Stat. § 28-703 (Reissue 1995).

of error." Without setting forth a specific basis for its ruling, the Court of Appeals granted the State's motion for summary affirmance, citing only rule 7B(2) in its minute entry.

On April 10, 2006, York, through the same counsel that represented him on direct appeal, filed the postconviction motion that is the subject of this present appeal. In his postconviction motion, York alleged, in relevant part, that he was entitled to postconviction relief because his trial counsel had a conflict of interest, was ineffective in advising him that pleading guilty would result in a sentence of probation, and was ineffective in failing to object when the State violated the plea agreement when it did not remain silent at sentencing.

The State filed a motion to dismiss in the district court, arguing that the issues raised in York's postconviction motion had already been raised and ruled upon in York's direct appeal to the Court of Appeals. The district court granted the State's motion to dismiss without an evidentiary hearing, concluding that the issues raised were procedurally barred. The court determined that the issues relating to the conflict of interest and sentencing advice had been raised on direct appeal and had been "ruled on by the Court of Appeals when [it] granted the [State's] Motion for Summary Affirmance." With respect to the alleged breach of the plea agreement, the court concluded that it was procedurally barred because it had not been raised on direct appeal, but could have been.

York appealed to the Court of Appeals. The State filed a motion for summary affirmance, arguing that the district court correctly determined that the issues raised were procedurally barred. The State asserted that "the granting of the state's motion for summary affirmance [in the direct appeal] constitutes a resolution on the merits" of the ineffective assistance of counsel issues "such as they were," and cited *State v. Lotter*[4] and *State v. Caddy*[5] for the proposition that arguments that were or could have been raised on direct appeal are procedurally barred on postconviction review.

---

[4] *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003).

[5] *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001).

The Court of Appeals granted the State's motion for summary affirmance with the following minute entry: "Motion of appellee for summary affirmance sustained; judgment affirmed. See, rule 7B(2); *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003); *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001)."[6] We granted York's petition for further review.

## ASSIGNMENT OF ERROR
York assigns that the Court of Appeals erred in sustaining the State's motion for summary affirmance.

## STANDARD OF REVIEW
█ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.[7]

## ANALYSIS
York argues that he is entitled to an evidentiary hearing on his allegations of ineffective assistance of counsel. York argues that both the district court and the Court of Appeals incorrectly interpreted the Court of Appeals' summary affirmance on direct appeal as being a disposition of his ineffective assistance of counsel claims on the merits.

█ In raising his ineffective assistance of counsel arguments on direct appeal, but noting that the record was insufficient to address the claims, York was following the established procedure in Nebraska for preserving ineffective assistance of counsel claims for later review. We have said that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review.[8] Claims of ineffective assistance of counsel

---

[6] *State v. York, supra* note 2.

[7] *State v. Marshall*, 272 Neb 924, 725 N.W.2d 834 (2007).

[8] *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006).

raised for the first time on direct appeal do not require dismissal ipso facto; the determining factor is whether the record is sufficient to adequately review the question. When the issue has not been raised or ruled on at the trial court level and the matter necessitates an evidentiary hearing, an appellate court will not address the matter on direct appeal.[9]

The State contends that the Court of Appeals' summary affirmance on direct appeal constituted a resolution of York's ineffective assistance of counsel claims on the merits and that thus, these same claims are now procedurally barred on postconviction review. The record does not support this argument.

In *State v. Svoboda*,[10] we held that an issue is not procedurally barred if not "'litigated'" in a prior proceeding. In that postconviction case, we had affirmed the judgment on direct appeal, because the defendant had not made a then-necessary motion for new trial.[11] In a subsequent postconviction proceeding, the State argued that the constitutional issues raised were procedurally barred. We disagreed, explaining that because we had not considered or passed upon the issues raised on direct appeal, they had not been resolved on the merits. We held that where an issue of constitutional dimensions has been raised in a direct appeal of a criminal conviction, and that issue was not considered or ruled upon by this court in the direct appeal, the issue may properly be raised in a subsequent motion for postconviction relief.[12]

Although the strict doctrine of res judicata does not apply to a postconviction action,[13] we have applied res judicata principles in determining whether issues are procedurally barred.[14] The doctrine of res judicata, or claim preclusion, only

---

[9] *Id.*

[10] *State v. Svoboda*, 199 Neb. 452, 454, 259 N.W.2d 609, 611 (1977).

[11] See *State v. Svoboda*, 194 Neb. 663, 234 N.W.2d 901 (1975).

[12] *Svoboda, supra* note 10. See, also, *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991).

[13] See *State v. Parker*, 180 Neb. 707, 144 N.W.2d 525 (1966).

[14] See *State v. Pilgrim*, 188 Neb. 213, 196 N.W.2d 162 (1972).

bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if the former judgment was on the merits.[15] We conclude that the same principle applies in postconviction actions, and we specifically hold that an ineffective assistance of counsel claim is not procedurally barred if it was raised on direct appeal but not expressly or necessarily decided on the merits.

Applying the foregoing principles to the present case, we determine that the ineffective assistance of counsel claims raised in York's direct appeal brief, specifically, his allegation that trial counsel had a conflict of interest and incorrectly advised him that pleading guilty would result in a sentence of probation, are not procedurally barred. Given our review of the record, which revealed a clear lack of evidence relating to York's claims, and the fact that York conceded in his brief to the Court of Appeals that the record was inadequate, we cannot say that the merits of York's claims were either "directly addressed" or "necessarily included" in the Court of Appeals' nonspecific minute entry sustaining the motion for summary affirmance. Accordingly, the Court of Appeals' summary affirmance on direct appeal cannot be read to have disposed of the merits of the ineffective assistance of counsel claims raised in York's brief, and the district court and Court of Appeals erred in concluding otherwise.

■ However, York's allegation that his trial counsel was ineffective for failing to object when the State breached an alleged promise to remain silent during sentencing is procedurally barred. Unlike York's other two allegations, this particular claim was not addressed in his brief on direct appeal. Rather, York raised this argument for the first time in his postconviction motion. When a plaintiff seeking postconviction relief has different counsel on appeal than at trial, the plaintiff's motion for postconviction relief is procedurally barred if the plaintiff (1) knew of the issues assigned in the postconviction motion at the time of the plaintiff's direct appeal, (2) failed to assign those issues on direct appeal, and (3) did not assign as error the

---

[15] See *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005).

failure of appellate counsel on direct appeal to raise the issues assigned in the postconviction motion.[16]

In the present case, York's appellate counsel knew or should have known about the alleged promise by the State to remain silent during sentencing and trial counsel's failure to make the proper objection. Because trial counsel's ineffectiveness on this issue was not raised on direct appeal, but could have been, it is now procedurally barred.

## CONCLUSION

The Court of Appeals' summary affirmance on direct appeal cannot be read to have disposed on the merits the ineffective assistance of counsel claims raised in York's brief. Accordingly, the district court and Court of Appeals erred in concluding that the claims raised by York on direct appeal were procedurally barred. However, York's allegation that his trial counsel was ineffective for failing to object when the State allegedly breached a promise to remain silent during sentencing is procedurally barred.

The judgment of the Court of Appeals is reversed, and the cause remanded to that court with directions to remand the cause to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[16] *State v. Caddy, supra* note 5.