IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ANTHONY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RICKY E. ANTHONY, APPELLANT.

Filed January 10, 2023.    No. A-22-263.

Appeal from the District Court for Otoe County: JULIE D. SMITH, Judge. Affirmed in part, and in part reversed and remanded.

Ricky E. Anthony, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Ricky E. Anthony appeals from an order of the district court for Otoe County which denied his motion for postconviction relief, his motion to recuse the district court judge, his motion for appointment of counsel, and his motion to proceed in forma pauperis. Upon our review, we reverse that portion of the district court's order which denied Anthony's motion for postconviction relief to the extent such motion alleged that Anthony's appellate counsel provided ineffective assistance during his direct appeal and to the extent the motion alleged an instance of ineffective assistance of trial counsel which had been properly preserved in his direct appeal. We remand to the district court for further proceedings on these issues. We affirm the district court's denial of the remainder of the motion for postconviction relief without an evidentiary hearing.

- 1 -

BACKGROUND

Pursuant to a plea agreement with the State, Anthony pled no contest to two counts of motor vehicle homicide, each a Class IIIA felony. He was later found by the district court to be a habitual criminal and was sentenced to 20 to 40 years' imprisonment on each conviction, to be served concurrently. As a part of the sentence, Anthony was required to serve a mandatory minimum of 10 years in prison.

Anthony, acting pro se, filed a notice of appeal from his convictions and sentences. However, the notice of appeal in case No. A-19-1160 was filed more than 30 days after entry of the district court's sentencing order and was, as a result, summarily dismissed by this court as having been untimely filed.

Anthony then filed a verified motion to vacate and set aside his convictions, alleging, among other things, that his trial counsel failed to file a direct appeal from his convictions and sentences despite Anthony's explicit request for him to do so. Anthony requested he be permitted to file a "new direct appeal" from his convictions and sentences. After a hearing, the district court granted Anthony a new direct appeal. See *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021).

Anthony was appointed appellate counsel that was different than his trial counsel. In his direct appeal, Anthony alleged that the district court erred in determining that he was a habitual criminal and in imposing excessive sentences. Anthony also alleged that his trial counsel provided ineffective assistance by failing to consult with an independent accident reconstructionist and by failing to contest the habitual criminal enhancement.

Upon our review, we affirmed Anthony's convictions and sentences. Specifically, we found that the district court properly found Anthony to be a habitual criminal based upon his two prior felony convictions. We also found that the court did not impose excessive sentences. As to Anthony's claims of ineffective assistance of trial counsel, we found that his claim regarding counsel's failure to adequately defend his habitual criminal status to be without merit. We found that the record was insufficient to address his claim regarding counsel's failure to hire an independent accident reconstructionist.

After our opinion in Anthony's direct appeal was issued, he filed a pro se verified motion for postconviction relief. In the motion, he alleged various claims of ineffective assistance of counsel committed by (1) his first trial counsel who was appointed to represent him by the court immediately after his arrest, (2) his privately retained trial counsel who represented him at the time he entered his no contest pleas and through the time of the sentencing hearing, and (3) his appellate counsel who was appointed by the court to represent him in his new direct appeal. Anthony also alleged that the district court committed reversible error by acting with bias during the habitual criminal enhancement hearing. Anthony alleged that the district court assisted the State by reminding it to offer certain exhibits.

On the same day that Anthony filed his motion for postconviction relief, he also filed a motion to recuse the trial court as a result of its actions during the habitual criminal enhancement hearing, a motion for appointment of counsel, and a motion for leave to proceed informa pauperis.

Less than 1 hour after Anthony filed his four motions, the district court entered an order denying those motions. The court's order reads as follows:

[Anthony] was already granted a direct appeal in a prior Motion for Postconviction Relief. He was appointed counsel for said direct appeal. His sentence was affirmed. [Anthony] is not permitted to raise issues he could have raised on direct appeal. An attorney does not have to pursue every conceivable defense.

There is no conflict of interest on this case. The Verified Motion for Postconviction Relief is frivolous. All four motions filed by [Anthony] on March 30, 2022 are denied. Any relief requested by [Anthony] which is not specifically granted by this Order is denied.

(Citations omitted.)

Anthony appeals from the district court's order here.

## ASSIGNMENTS OF ERROR

In his brief on appeal, Anthony assigns five errors committed by the district court. However, the specifics of Anthony's assertions are difficult to discern. We read the assignments of error to generally allege that the district court erred in dismissing his motion for postconviction relief without an evidentiary hearing. Accordingly, we focus our analysis on this issue.

We note that in the argument section of his brief, Anthony asserts that the district court erred in denying his motion to recuse. However, we do not read any of his assigned errors to clearly correspond to this argument. As such, we do not address this issue in our analysis. See *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court; generalized and vague assignment of error that does not advise appellate court of issue submitted for decision will not be considered).

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

## ANALYSIS

Anthony challenges the district court's denial of his motion for postconviction relief without first holding an evidentiary hearing on his claims. The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Jaeger, supra*. However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id*. An evidentiary hearing is not

required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

In his motion for postconviction relief, Anthony alleges various claims of ineffective assistance of counsel as to all three attorneys who represented him during the criminal proceedings. We address the district court's denial of the claims as to the three attorneys separately.

*First Trial Attorney.*

As we discussed above, Anthony's first trial attorney was appointed by the court upon Anthony's arrest. This attorney only represented Anthony for a few months prior to Anthony retaining private counsel. In his motion for postconviction relief, Anthony alleges that his first trial attorney provided ineffective assistance by failing to file a motion to quash the information filed against him, failing to file a plea-in-abatement, and failing to challenge the inclusion of the habitual criminal enhancement in the information. Upon our review, we conclude that Anthony's claims of ineffective assistance as to his first trial attorney could and should have been raised in his direct appeal and, because they were not raised at that time, such claims are now procedurally barred.

As we discussed above, Anthony's first trial counsel only represented him for a few months after his arrest. Anthony had different counsel on direct appeal. Under Nebraska law, in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009). In his direct appeal, Anthony did not raise any ineffective assistance of counsel claims relating to his first trial counsel. In addition, Anthony does not allege in his motion for postconviction relief that he was unaware of any of counsel's alleged ineffective actions at the time of his direct appeal.

We conclude that Anthony's claims of ineffective assistance as to his first trial attorney are procedurally barred. Such claims could have been raised in his direct appeal. Accordingly, we affirm the decision of the district court to dismiss these claims without an evidentiary hearing.

*Second Trial Attorney.*

Prior to entering his pleas, Anthony hired an attorney to replace his court-appointed attorney and to represent him in the remaining criminal proceedings. This attorney represented Anthony both at the time of his pleas and at the time of the sentencing hearing. In his motion for postconviction relief, Anthony raises numerous allegations of ineffective assistance as to this second trial attorney, including that counsel was ineffective in failing to file a motion for change of venue, failing to hire an independent accident reconstructionist, failing to depose all witnesses to the traffic accident, failing to challenge the State's decision to charge him with felony motor vehicle homicide and with being a habitual criminal, and advising him to accept the State's plea agreement.

Upon our review, we conclude that with the exception of Anthony's claim that his second trial counsel provided ineffective assistance in failing to hire an independent accident reconstructionist, Anthony's claims of ineffective assistance of counsel as to his second trial attorney are procedurally barred.

In his direct appeal, Anthony alleged that his second trial attorney provided ineffective assistance in failing to hire an independent accident reconstructionist. Upon our review, we concluded that although Anthony had properly raised this claim of ineffective assistance, our record on appeal was simply insufficient to review the claim. Anthony has now reasserted this claim in his motion for postconviction relief. An ineffective assistance of counsel claim is not procedurally barred if it was raised on direct appeal but not expressly or necessarily decided on the merits. *State v. York*, 273 Neb. 660, 731 N.W.2d 597 (2007). Anthony's claim that his second trial counsel provided ineffective assistance in failing to hire an independent accident reconstructionist is not procedurally barred.

Our review of the district court's order denying Anthony's motion for postconviction relief without an evidentiary hearing indicates that the court found that each of the allegations of ineffective assistance of counsel raised within the motion were procedurally barred because they could have been raised on direct appeal. The court found the entirety of Anthony's motion to be frivolous on that basis. As we stated above, however, Anthony's claim that his second trial counsel provided ineffective assistance in failing to hire an independent accident reconstructionist is not procedurally barred. As such, in denying Anthony an evidentiary hearing on this claim, the district court should have considered whether the claim contained factual allegations which, if proven, constituted an infringement of Anthony's constitutional rights, whether the claim alleged only conclusions of fact or law without supporting facts, or whether the records and files affirmatively showed that Anthony was not entitled to relief. The district court clearly did not consider the substance of this claim before entering its order denying Anthony an evidentiary hearing. As such, we reverse that portion of the court's order which denied Anthony's allegation that his second trial counsel provided ineffective assistance in failing to hire an independent accident reconstructionist. We remand this issue to the district court for consideration of the substance of this claim.

In his direct appeal, Anthony also alleged that his second trial counsel provided ineffective assistance in failing to challenge the habitual criminal enhancement. Upon our review, we determined that the record was sufficient to review this claim. We further determined that the claim had no merit because Anthony could not demonstrate he was prejudiced in any way by counsel's failure to raise this argument. Because Anthony's claim that his second trial counsel provided ineffective assistance in failing to challenge the habitual criminal enhancement was litigated on direct appeal, he is precluded from raising this assertion again in his motion for postconviction relief. See, e.g., *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018) (motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal). Accordingly, we affirm the district court's decision to deny this claim of ineffective assistance of counsel without an evidentiary hearing.

The remainder of Anthony's claims of ineffective assistance as to his second trial counsel were not raised in his direct appeal. As we stated above, in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the

defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009). Anthony had different counsel on appeal. And, Anthony did not assert in his motion for postconviction relief that he was unaware of such claims of ineffective assistance of trial counsel at the time of his direct appeal. In fact, given the nature of the claims, Anthony knew or should have known about trial counsel's actions which gave rise to his claims of ineffective assistance.

The remainder of Anthony's claims of ineffective assistance as to his second trial counsel are procedurally barred because they could and should have been raised in his direct appeal. We affirm the district court's decision to deny these claims without an evidentiary hearing.

*Appellate Counsel.*

After Anthony was granted a new direct appeal by the district court, he was appointed new counsel for that appeal. In his motion for postconviction relief, Anthony alleges that his appellate counsel was ineffective for failing to raise, on direct appeal, all of his allegations of ineffective assistance of trial counsel. Because Anthony had new counsel on direct appeal, his motion for postconviction relief was his first opportunity to raise his allegations of ineffective assistance of appellate counsel. A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. See *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021).

Anthony's claims of ineffective assistance of appellate counsel which were raised in his motion for postconviction relief are not procedurally barred. And, because our reading of the district court's order denying Anthony's motion without an evidentiary hearing indicates that the court found that the entirety of Anthony's motion was procedurally barred, we must reverse the court's order denying Anthony's claims of ineffective assistance of appellate counsel. On remand, the district court should determine whether Anthony is entitled to an evidentiary hearing on these claims based upon the substance of the claims.

*Error of District Court.*

The final assertion in Anthony's motion for postconviction relief concerns his belief that the district court provided improper assistance to the State during the habitual criminal enhancement hearing. Anthony believes that the district court told the State to offer into evidence certain exhibits and that such instruction was prejudicial to him. Because Anthony was clearly aware of the district court's actions during the habitual criminal enhancement hearing, this assertion could and should have been raised in Anthony's direct appeal. It is well settled that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. *State v. Ortiz*, 266 Neb. 959, 670 N.W.2d 788 (2003). Because Anthony was procedurally barred from raising this issue in his motion for postconviction relief, we affirm the decision of the district court to deny this claim without an evidentiary hearing.

CONCLUSION

Anthony's assertions of ineffective assistance provided by his first trial attorney are procedurally barred because they could and should have been raised on direct appeal. Similarly,

the majority of Anthony's assertions of ineffective assistance provided by his second trial attorney are procedurally barred because they could and should have been raised on direct appeal. Anthony's claim of trial court error is also procedurally barred. As such, we affirm the district court's denial of these claims without an evidentiary hearing.

However, Anthony's claim that his second trial attorney provided ineffective assistance by failing to hire an independent accident reconstructionist is not procedurally barred. This claim was raised in Anthony's direct appeal, but was not fully litigated because we decided our record was not adequate for a full review of the claim. Moreover, all of Anthony's claims of ineffective assistance of appellate counsel are not procedurally barred because his motion for postconviction relief was his first opportunity to raise such claims. We reverse the district court's decision to deny all of these claims without an evidentiary hearing and remand the cause for the court to consider whether an evidentiary hearing is warranted based upon the substance of such claims.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.